FEE PAID

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

S/I

# UNITED STATES DISTRICT COURT
## for the
### Central District of California

2025 JUL 18 AM 10: 37

2:25-CV-06563-JAK-AJRx

Karin Stanford

*Plaintiff(s)*
(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

-v-

Roam Agency, Seven Stories Press, Inc.

*Defendant(s)*
(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

Case No. _____
(to be filled in by the Clerk's Office)

Jury Trial: (check one)   X Yes   ☐ No

## COMPLAINT FOR A CIVIL CASE

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Karin Stanford |
| Street Address | 1936 W 94th Place |
| City and County | Los Angeles, Los Angeles |
| State and Zip Code | California, 90047 |
| Telephone Number | 3239749918 |
| E-mail Address | karinstanford@gmail.com |

1

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

**B.     The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Roam Agency |
| Job or Title *(if known)* | Legal Department |
| Street Address | 45 Main Street, Suite 727 |
| City and County | Brooklyn |
| State and Zip Code | New York, 11201-1076 |
| Telephone Number | 3476132515 |
| E-mail Address *(if known)* | roam@roamagency.com |

Defendant No. 2

| | |
|---|---|
| Name | Seven Stories Press, Inc. |
| Job or Title *(if known)* | Legal Department |
| Street Address | 140 Watts Street |
| City and County | New York |
| State and Zip Code | New York, NY, 10013 |
| Telephone Number | 2122268760 |
| E-mail Address *(if known)* | sevenstories@sevenstories.com |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

|  |  |
|---|---|
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☐ Federal question          x   Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

    a. If the plaintiff is an individual

    The plaintiff, *(name)* Karin L. Stanford, is a citizen of the State of *(name)* California.

    b. If the plaintiff is a corporation

    The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____

3

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual

   The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

   b. If the defendant is a corporation

   The defendant, *(name)* __Roam Agency__, is incorporated under the laws of the State of *(name)* __New York__, and has its principal place of business in the State of *(name)* __New York__.
   Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)* **(see attachment A)**

3. The Amount in Controversy

The amount in controversy—`the amount the plaintiff claims the defendant owes or the amount at stake`—is more than $75,000, not counting interest and costs of court, because *(explain)*:

of the loss profits of a book that the plaintiff could have published, and the attorney fees.

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

4

While in the process of seeking literary representation, I submitted a book proposal and curriculum vitae to Ms. Róisín Davis of the Roam Agency in January 2022. I did so upon the recommendation of Ms. Davis' father (and my colleague) Mike Davis. Furthermore, I also introduced Jonathan Jackson, Jr. (the son "JJJ") who is the son of the book subject to Ms. Davis shortly thereafter to further discuss the book proposal. Also note, Jonathan Jackson, Jr. at the time was fully supportive of my proposed book on his father.

In summary, after introducing JJJ to the Roam Agency - and with Ms. Davis full support and encouragement - and after including JJJ in agency zoom calls and freely sharing proprietary information with him, I was excluded without warning or discussion from participation in the project by the Roam Agency. I acted in good faith throughout and viewed JJJ as a prospective collaborator and source of first hand family information that could possibly enhance selling the book to a publisher. Ostensibly, and according to Ms. Davis, JJJ reached out to the her and the agency's owner Anthony Arnove directly and independently for assistance with international rights for "*Soledad Brothers,*" a book given to him by his uncle. Shortly thereafter (March 22nd), I was informed by Ms. Davis that JJJ wanted to pause work on the biography so the Roam Agency could focus on procuring international rights for *Soledad Brother.*

Because I was no longer in contact with Ms. Davis and searched for and found another literacy agent who asked me to prepare my book proposal appropriately to pitch to publishing companies, which I did. Soon thereafter, on November 14, 2022the new agent sent me an email and called to inform me that a similar proposal had been sold by the Roam Agency. I believe that segments of my proposal was used to secure the book deal.

I am understandably shocked! Prior to my exclusion from joint conversations with the Roam Agency, I arranged and participated in zoom calls, supplied additional materials, shared story and character development ideas, re-wrote JJJ's bio for him (which was submitted to the Roam agency), shared my list of interview subjects and other valuable information to the Roam Agency. All of these activities were encouraged and/or requested by Ms. Davis. My prior requests for a copy of the book proposal that was used to obtain a publishing agreement with Seven Stories Press for the biography have been met with zero cooperation from the Roam Agency.

All conduct and dealing between me, Davis, and Roam implied a contractual relationship between the parties for the development and publication of the Subject Work, including without limitation Roam, through its employees including Davis, repeatedly soliciting submissions and information from me in connection with the Subject Work, maintaining consistent correspondence and holding formal meetings with me regarding the development and publication of the Subject Work through a Davis, literary agent working on behalf of Roam, for a period of approximately four months, and actively shopping my ideas and submissions with publishers and discussing with me the potential payments I would receive if they agreed to work with said publishers.

The Roam Agency had an opportunity to decline to work with me following Davis and Roam's intake and review of my initial and subsequent work. However, Roam and Davis voluntarily accepted my submissions and began a working relationship with me with the implied knowledge of an obligation to pay me for the use of my submissions by Davis and Roam and/or their other clients.

The Defendants, infringed upon my rights and used my Original Work, including research, project proposals, summaries, and portions in whole or in part of their submission to Seven Stories Press.

The Defendants intentionally distributed, offered for sale, sold, and otherwise exploited the Subject Work including by distributing and offering for sale the Infringing Work to the at least 16 publishing companies identified by Roam, including Seven Stories Inc., and Seven Stories Inc.'s subsequent reproduction, distribution, and other exploitation of the Infringing Work.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

By virtue of Davis and Roam's acceptance and utilization of my services and ideas, an agreement was implied-in-fact to pay me the reasonable value of those services including credit to me as the author, and to compensate me for the sale of my ideas and submissions to publishers and for the subsequent distribution and sale of the published work to customers in accordance with the custom and practice of the book publishing industry.

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Due to Defendants' acts of copyright infringement, Defendants, and each of them, have obtained direct and indirect profits they would not have otherwise realized but for their infringement of my rights in the Subject Work. As such, I am entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants Infringing Use in an amount to be established at trial.

I have suffered and will continue to suffer substantial damages as I am no longer able to secure an agent to sell my original work. I have suffered actual, general, and special damages in an amount to be established as trial.

Davis and Roam's breach has actively, negatively impacted my ability to profit from my work and entered into collateral business agreements that has hindered my ability to find a new agent for work based on her ideas and submissions related to the Subject Work now that Davis and Roam have unlawfully proceeded with selling and publishing their own directly competing work created from my ideas and submissions without my involvement, authorization, or consent.

Roam and Davis have not in any way compensated or credited me for this use of my ideas and submissions.

<u>With Respect to Each Claim for Relief:</u>

1) That Defendants, their agents and employees be enjoined from infringing my copyrights in any manner, specifically those for the Subject Work.

2) That I be awarded all profits of Defendants plus all my losses, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial.

3) That a trust be entered over all Infringing Work, and all profits realized through the sales and distribution of said Infringing Work; That Defendants, and each of them, be enjoined from reproducing, distributing, offering for sale, or selling the Infringing Work and any other works created from or in connection with my ideas and submissions in connection with the Subject Work.

4) That Defendants, and each of them, account to me for their profits and any damages sustained by me arising from the foregoing acts of infringement.

5) That I be awarded pre-judgment interest as allowed by law.

6) That I be awarded the costs of this action.

7) That I be awarded general and special damages resulting from Davis and Roam's breach of implied-in-fact contract.

8) That I be awarded such further legal and equitable relief as the Court deems proper.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: June 4, 2025

Signature of Plaintiff: *Karin Stanford*

Printed Name of Plaintiff: Karin L. Stanford

### B. For Attorneys

Date of signing: _____

Signature of Attorney: _____
Printed Name of Attorney: _____
Bar Number: _____
Name of Law Firm: _____
Street Address: _____
State and Zip Code: _____
Telephone Number: _____
E-mail Address: _____

Attachment A

Section II. B.2. (Basis for Jurisdiction- Additional Defendant)

c. The defendant, Seven Stories Press, Inc., is incorporated under the laws of the State of New York and has its principal place of business in the State of New York.