UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Karin Stanford, | Case No. CV 25-06563-ODW(AJRx) |
| Plaintiff, | SELF-REPRESENTATION ORDER |
| v. | |
| Roam Agency et al., | |
| Defendants. | |

One or more of the parties to this action has elected to appear *pro se*. Persons appearing before this Court are not required to retain the services of a lawyer or obtain the advice of counsel. Individual litigants may represent themselves *pro se*, but corporations and associations must be represented by counsel. *See Church of the New Testament v. United States*, 783 F.2d 771, 773 (9th Cir. 1986) (unincorporated associations); *In re Highley*, 459 F.2d 554, 555 (9th Cir. 1972) (corporations). In addition, non-attorney litigants may not represent other individual litigants or trusts for which they serve as trustee. *See Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (minor children); *C.E. Pope Equity Trust v. United States*, 818 F.2d

696, 697-98 (9th Cir. 1987) (trust); *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1996) (other litigants). A partner may not represent his or her own interest in a partnership *pro se*, and a sole shareholder may not represent a corporation. *See In re Am. West Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) (per curiam) (partner); *United States v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam) (shareholder).

Proceeding *pro se* is not without its pitfalls, and this Court wishes to make those pitfalls known at the outset of this proceeding:

- Generally speaking, non-attorney litigants are less likely to be victorious than those assisted by counsel.

- The opposing party may have a lawyer, and that lawyer will show you no mercy. That lawyer's duty is to achieve victory for his or her client. He or she will take every step legally permissible to that end.

- The Court is a neutral adjudicator of the law. The role of the judge is to resolve disputes arising between the parties in accordance with the law. As such, the judge cannot assist you, cannot answer your legal questions, and cannot take sides in the dispute. Nor can any members of the judge's staff.

- You will be proceeding alone in a complex area where experience and professional training are greatly desired.

Simply put, when you elect to proceed *pro se*, you are on your own and become personally responsible for litigating your action in accordance with the rules. Practice in the federal courts is governed by the Federal Rules of Civil Procedure. You **must** become familiar with these rules. You will be held to the same standards as a lawyer as far as complying with court procedures and the rules and regulations of the court system.

As litigating an action in federal court often requires a great deal of time, preparation, knowledge, and skill, this Court highly recommends against proceeding without the assistance of counsel. Some attorneys will represent clients on a contingency fee basis, whereby the fees

associated with representation are subtracted from a judgment in favor of the client.[1] However, should you wish to continue without counsel – fully understanding the risks – you are hereby ordered to carefully review the remainder of this Order, as it contains instructions for proceeding in this Court which **must** be followed.

This Order, while not comprehensive – and not a substitute for fully familiarizing yourself with the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of Practice for the United States District Court for the Central District of California, the orders of this Court, including the Court's Standing Order, Scheduling Order, and Civil Trial Order, as well as federal and state case law applicable to this action – is intended to bring certain aspects of law and motion practice to your attention at an early stage in the litigation to remedy problems commonly associated with *pro se* pleadings.[2]

**Communications with Chambers:** Pursuant to Local Rule 83-2.11, parties **shall refrain** from writing letters to the judge, making telephone calls to chambers, or otherwise communicating with a judge unless opposing counsel is present. You may contact the Courtroom Deputy, at (213) 894-8266, with **appropriate** inquiries. The Courtroom Deputy is **not** an attorney, and will not provide you with any legal advice. The Courtroom Deputy cannot waive any of the requirements of this, or any other, Order. Should you wish to bring any matter to the attention of the Court, you **must** do so in writing, and file it and serve it on the opposing party. The Court's Electronic Document Submission System ("EDSS") allows people without lawyers who have pending cases in the United States District Court for the Central District of California or who wish to file a new case to submit documents electronically to the Clerk's Office**. To access EDSS and for additional information, visit the Court's website at https://apps.cacd.uscourts.gov/edss**

---

[1]    The Los Angeles County Bar Association Lawyer Referral and Information Services may be able to refer you to a lawyer who may or may not be willing to take your case on a contingency basis. The lawyer referral service may be reached at (213) 243-1525.

[2]    This Court's orders and the Local Rules of Practice for the United States District Court for the Central District of California are available on the district court's website: www.cacd.uscourts.gov

**Jurisdiction:** The Federal Rules of Civil Procedure require that "[a] pleading which sets forth a claim for relief ... shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends." Fed. R. Civ. P. 8(a). This District's Local Rules further provide that "[t]he statutory or other basis for the exercise of jurisdiction by this Court shall be plainly stated in . . . any document invoking this Court's jurisdiction." Local Rule 8-1. A copy of Fed. R. Civ. P. 8 is attached.

**This is extremely important.** Unlike state courts, federal courts are not courts of general jurisdiction, and can only preside over matters authorized by the Constitution and Congress. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541, 106 S. Ct. 1326, 1331, 89 L. Ed. 2d 501 (1986). In other words, the party filing the action must **prove** to the Court that jurisdiction over the action exists **before** the Court can reach the merits of the complaint. *See Smith v. McCullough*, 270 U.S. 456, 459, 46 S. Ct. 338, 339, 70 L. Ed. 682 (1926) (A "plaintiff, suing in federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction . . . .").

Federal jurisdiction may be alleged either pursuant to 28 U.S.C. section 1331 for actions "arising under the Constitution, laws, or treaties of the United States," otherwise known as "federal question" jurisdiction, or 28 U.S.C. section 1332 as an action "between citizens of different States," otherwise known as "diversity" jurisdiction.

To allege federal question jurisdiction, the complaint should identify which right(s) the plaintiff(s) claim(s) have been violated, and which law, statute, or constitutional amendment provides that right. *See Keniston v. Roberts*, 717 F.2d 1295, 1298 (9th Cir. 1983).

Diversity jurisdiction has **two** requirements. First, diversity jurisdiction requires complete diversity of citizenship, that is, all plaintiffs must have a different citizenship from all defendants. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978). Residence and citizenship are distinct concepts, with significantly different jurisdictional ramifications: "[i]n order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be domiciled within the State." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826,

-4-

828, 109 S. Ct. 2218, 2221, 104 L. Ed. 2d 893 (1989). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (citations omitted). Corporations are citizens of both their state of incorporation and the state in which they have their principal place of business. 28 U.S.C. § 1332(c)(1); *see also New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1300-01 (9th Cir. 1989). Unincorporated associations are citizens of the states of each member. *See Fifty Associates v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th Cir. 1970). Second, when jurisdiction is based on diversity of citizenship, district courts do not have original jurisdiction unless a party alleges an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a).

Finally, you should understand that it is **<u>insufficient</u>** for a party to merely claim that jurisdiction exists. Sufficient **<u>facts</u>** must be alleged to allow the Court to assess whether it has jurisdiction over the action.

**Service:** Service is the formal delivery of a legal pleading. The Federal Rules of Civil Procedure have different requirements for service to be effective depending on the type of entity to be served: service on an individual within the United States is governed by Fed. R. Civ. P. 4(e), corporations and associations must be served in conformity with Rule 4(h), the United States and it agencies must be served pursuant to Fed. R. Civ. P. 4(i), and state and local governmental units require service under Fed. R. Civ. P. 4(j).

Time limits for service of the complaint are set forth in Fed. R. Civ. P. 4(m). It is important to promptly and properly serve the opposing party, especially with the summons and complaint when initiating an action, because **failure to serve within the time limits specified by the Federal Rules <u>may result in the dismissal</u> of your action for lack of prosecution.** You **<u>must</u>** always inform the Court whenever you serve a filing on an opposing party; this is done by filing a proof of service. *See* Fed. R. Civ. P. 4(l).

**Discovery:** Discovery is the mechanism by which the parties to an action collect evidence relating to the case from one another. Certain information is expected to be provided

to the other side without a request. *See* Fed. R. Civ. P. 26(a). If the other side seeks to obtain discovery from you, you must cooperate and provide the information sought on "any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). The principal forms of discovery envisioned by the Federal Rules are the production and inspection of documents, requests for admissions, depositions and interrogatories. Discovery disputes are resolved by, and should be brought to the attention of, the magistrate judge assigned to the action. Discovery should begin early in the litigation and may commence prior to the Scheduling Conference.

**Motions:** Motions are requests to this Court to make a specified ruling or order. The opposing party may file a motion to dismiss your action, pursuant to Fed. R. Civ. P. 12, or a motion for summary judgment pursuant to Fed. R. Civ. P. 56. If the opposing party files and serves a motion on you, you **must** oppose it if you disagree with the requested relief. **Failure to oppose an otherwise properly supported motion may result in the Court granting that motion.** *See* Local Rule 7-12. **Depending on the motion, this <u>may result in the dismissal of your case.</u>**

To oppose a motion, you **must** present the Court with a statement explaining the basis of your opposition and the legal authority supporting your contentions. You **must** also file any evidence upon which you intend to base your opposition to a motion for summary judgment. Pursuant to Local Rule 7-9, your opposition is due **not later** than twenty-one (21) days before the date designated for the hearing of the motion. If you need additional time to oppose the motion, you **must** file and serve an *ex parte* application requesting an extension of time **prior** to the date on which your opposition is due, and must demonstrate that the additional time you seek is warranted and that the requested extension is not a crisis of your creation, thus precluding you from seeking *ex parte* relief. *See Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

**Motion to Dismiss:** A Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim tests the legal sufficiency of the claims asserted in the complaint. Under Fed. R. Civ. P. 12(b)(6), a motion to dismiss can be made and granted when the complaint fails "to state a claim

upon which relief can be granted." Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To sufficiently state a claim to relief and survive a 12(b)(6) motion, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.* Rather, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (internal quotation marks omitted). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal citation and quotation marks omitted).

In deciding whether to grant a motion to dismiss, the court must accept as true all "well-pleaded factual allegations." *Iqbal*, 129 S. Ct. at 1950. A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see, e.g., Doe I v. Wal-Mart Stores, Inc.*, __F.3d __, 2009 WL 1978730, at *3 (9th Cir. July 10, 2009) ("Plaintiffs' general statement that Wal-Mart exercised control over their day-to-day employment is a conclusion, not a factual allegation stated with any specificity. We need not accept Plaintiffs' unwarranted conclusion in reviewing a motion to dismiss.").

Thus, the Ninth Circuit has summarized the governing standard, in light of *Twombly* and *Iqbal*, as follows: "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

**Motion for Summary Judgment:** Summary judgment may be granted when there are

-7-

no material facts in dispute between the parties, making a trial unnecessary. To resist summary judgment under Fed. R. Civ. P. 56, you **must** submit affidavits or other documentary evidence, such as depositions and answers to interrogatories, which set forth specific facts showing there is a genuine issue for trial. *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988). Failure to do so may result in the entry of summary judgment against you. You should also note that Rule 56(e) requires that affidavits or declarations shall be made on personal knowledge, set forth facts that are admissible as evidence, and show affirmatively that the affiant is competent to testify to the matters stated therein. A copy of Fed. R. Civ. P. 56 is attached. **Should you fail to contradict the moving party with counter-affidavits, declarations or other evidence, the moving party's evidence may be taken as the truth, and final judgment may be entered against you without a trial, thus ending your case.** *Rand v. Rowland*, 154 F.3d 952, 960-61 (9th Cir. 1998).

To effectively address a summary judgment motion, you should be aware of, and familiar with, the following United States Supreme Court cases on summary judgment: *Celotex v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

IT IS SO ORDERED.

DATED:   August 15, 2025

_____
Otis D. Wright II
UNITED STATES DISTRICT JUDGE

## RULE 8.  GENERAL RULES OF PLEADING

(a)   Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

(b)   Defenses; Form of Denials. A party shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. If a party is without knowledge or information sufficient to form a belief as to the truth of an averment, the party shall so state and this has the effect of a denial. Denials shall fairly meet the substance of the averments denied. When a pleader intends in good faith to deny only a part or a qualification of an averment, the pleader shall specify so much of it as is true and material and shall deny only the remainder. Unless the pleader intends in good faith to controvert all the averments of the preceding pleading, the pleader may make denials as specific denials of designated averments or paragraphs or may generally deny all the averments except such designated averments or paragraphs as the pleader expressly admits; but, when the pleader does so intend to controvert all its averments, including averments of the grounds upon which the court's jurisdiction depends, the pleader may do so by general denial subject to the obligations set forth in Rule 11.

(c)   Affirmative Defenses. In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense. When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so requires, shall treat the pleading as if there had been a proper designation.

(d)   Effect of Failure to Deny. Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading. Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided.

(e)   Pleading to be Concise and Direct; Consistency.

    (1) Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required.

    (2) A party may set forth two or more statements of a claim or defense alternately or hypothetically, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable, or maritime grounds. All statements shall be made subject to the obligations set forth in Rule 11.

(f) Construction of Pleadings. All pleadings shall be so construed as to do substantial justice.

## Rule 12. DEFENSES AND OBJECTIONS--WHEN AND HOW PRESENTED--BY PLEADING OR

**MOTION--MOTION FOR JUDGMENT ON THE PLEADINGS**

(a)      Time to Serve a Responsive Pleading.

      (1) In General: Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows:

            (A) A defendant must serve an answer:

                  (i) within 21 days after being served with the summons and complaint; or

                  (ii) if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent, or within 90 days after it was sent to the defendant outside any judicial district of the United States.

            (B) A party must serve an answer to a counterclaim or crossclaim within 21 days after being served with the pleading that states the counterclaim or crossclaim.

            (C) A party must serve a reply to an answer within 21 days after being served with an order to reply, unless the order specifies a different time.

      (2) United States and Its Agencies, Officers, or Employees Sued in an Official Capacity.  The United States, a United States agency, or a United States officer or employee sued only in an official capacity must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the United States attorney.

      (3) United States Officers or Employees Sued in an Individual Capacity.  A United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the officer or employee or service on the United States attorney, whichever is later.

      (4) Effect of a Motion.  Unless the court sets a different time, serving a motion under this rule alters these periods as follows:

            (A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action; or

            (B) if the court grants a motion for a more definite statement, the responsive pleading must be served within 14 days after the more definite statement is served.

(b)      How to Present Defenses.  Every defense to a claim for relief in any pleading must be

asserted in the responsive pleading if one is required. But a party may assert the
following defenses by motion:

(1) lack of subject-matter jurisdiction;

(2) lack of personal jurisdiction;

(3) improper venue;

(4) insufficient process;

(5) insufficient service of process;

(6) failure to state a claim upon which relief can be granted; and

(7) failure to join a party under Rule 19.

A motion asserting any of these defenses must be made before pleading if a responsive
pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive
pleading, an opposing party may assert at trial any defense to that claim. No defense or
objection is waived by joining it with one or more other defenses or objections in a
responsive pleading or in a motion.

(c)      Motion for Judgment on the Pleadings.  After the pleadings are closed â€" but early
         enough not to delay trial â€" a party may move for judgment on the pleadings.

(d)      Result of Presenting Matters Outside the Pleadings.  If, on a motion under Rule
         12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by
         the court, the motion must be treated as one for summary judgment under Rule 56. All
         parties must be given a reasonable opportunity to present all the material that is
         pertinent to the motion.

(e)      Motion For a More Definite Statement.  A party may move for a more definite
         statement of a pleading to which a responsive pleading is allowed but which is so
         vague or ambiguous that the party cannot reasonably prepare a response. The motion
         must be made before filing a responsive pleading and must point out the defects
         complained of and the details desired. If the court orders a more definite statement and
         the order is not obeyed within 14 days after notice of the order or within the time the
         court sets, the court may strike the pleading or issue any other appropriate order.

(f)      Motion To Strike.  The court may strike from a pleading an insufficient defense or any
         redundant, immaterial, impertinent, or scandalous matter. The court may act:

         (1) on its own; or

         (2) on motion made by a party either before responding to the pleading or, if a
         response is not allowed, within 21 days after being served with the pleading.

(g)   Joining Motions.

(1) Right to Join.  A motion under this rule may be joined with any other motion allowed by this rule.

(2) Limitation on Further Motions.  Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

(h)   Waiving and Preserving Certain Defenses.

(1) When Some Are Waived.  A party waives any defense listed in Rule 12(b)(2)-(5) by:

   (A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or

   (B) failing to either:

      (i) make it by motion under this rule; or

      (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.

(2) When to Raise Others.  Failure to state a claim upon which relief can be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim may be raised:

   (A) in any pleading allowed or ordered under Rule 7(a);

   (B) by a motion under Rule 12(c); or

   (C) at trial.

(3) Lack of Subject-Matter Jurisdiction.  If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.

(i)   Hearing Before Trial.  If a party so moves, any defense listed in Rule 12(b)(1)-(7) â€" whether made in a pleading or by motion â€" and a motion under Rule 12(c) must be heard and decided before trial unless the court orders a deferral until trial.

### RULE 56. SUMMARY JUDGMENT

(a)     By a Claiming Party.  A party claiming relief may move, with or without supporting
affidavits, for summary judgment on all or part of the claim.

(b)     By a Defending Party.  A party against whom relief is sought may move, with or
without supporting affidavits, for summary judgment

(c)     Time for a Motion, Response, and Reply; Proceedings.

    (1)     These times apply unless a different time is set by local rule or the court orders
otherwise:

        (A)     a party may move for summary judgment at any time until 30 days after
the close of all discovery;

        (B)     a party opposing the motion must file a response within 21 days after the
motion is served or a responsive pleading is due, whichever is later; and

        (C)     the movant may file a reply within 14 days after the response is served.

    (2)     The judgment sought should be rendered if the pleadings, the discovery and
disclosure materials on file, and any affidavits show that there is no genuine
issue as to any material fact and that the movant is entitled to judgment as a
matter of law.

(d)     Case Not Fully Adjudicated on the Motion.

    (1)     Establishing Facts.  If summary judgment is not rendered on the whole action,
the court should, to the extent practicable, determine what material facts are not
genuinely at issue. The court should so determine by examining the pleadings
and evidence before it and by interrogating the attorneys. It should then issue
an order specifying what facts — including items of damages or other relief —
are not genuinely at issue. The facts so specified must be treated as established
in the action.

    (2)     Establishing Liability.  An interlocutory summary judgment may be rendered
on liability alone, even if there is a genuine issue on the amount of damages.

(e)     Affidavits; Further Testimony.

    (1)     In General.  A supporting or opposing affidavit must be made on personal
knowledge, set out facts that would be admissible in evidence, and show that
the affiant is competent to testify on the matters stated. If a paper or part of a
paper is referred to in an affidavit, a sworn or certified copy must be attached to
or served with the affidavit. The court may permit an affidavit to be
supplemented or opposed by depositions, answers to interrogatories, or

additional affidavits.

(2)    Opposing Party's Obligation to Respond.  When a motion for summary
judgment is properly made and supported, an opposing party may not rely
merely on allegations or denials in its own pleading; rather, its response must
— by affidavits or as otherwise provided in this rule — set out specific facts
showing a genuine issue for trial. If the opposing party does not so respond,
summary judgment should, if appropriate, be entered against that party.

(f)    When Affidavits Are Unavailable.  If a party opposing the motion shows by affidavit
that, for specified reasons, it cannot present facts essential to justify its opposition, the
court may:

(1)    deny the motion;

(2)    order a continuance to enable affidavits to be obtained, depositions to be taken,
or other discovery to be undertaken; or

(3)    issue any other just order.

(g)    Affidavits Submitted in Bad Faith.  If satisfied that an affidavit under this rule is
submitted in bad faith or solely for delay, the court must order the submitting party to
pay the other party the reasonable expenses, including attorney's fees, it incurred as a
result. An offending party or attorney may also be held in contempt.