UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 2:25-cv-06563-ODW (AJRx) | Date | January 20, 2026 |
|---|---|---|---|
| Title | *Karin Stanford v. Roam Agency et al* | | |

| Present: The Honorable | Otis D. Wright, II, United States District Judge | |
|---|---|---|
| Sheila English | Not reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not present | | Not present |

**Proceedings:**            **In Chambers**

    Plaintiff Karin Stanford moves for reconsideration of the Court's order dismissing this action with prejudice for failing to timely respond to the Court's November 24, 2025 Order to Show Cause and for failing to timely respond to Defendant Seven Stories Press, Inc.'s Motion to Dismiss. (Mot., Dkt. No. 14.) This matter is appropriate for decision without oral argument, and the hearing set for January 26, 2026, is hereby **VACATED**. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the following reasons, the Motion is **DENIED**.

    Under Rule 60(b)(6), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any . . . reason that justifies relief." *Henson v. Fidelity Nat'l Fin., Inc.*, 943 F.3d 434, 443 (9th Cir. 2019) (quoting Fed. R. Civ. P. 60(b)(6)). Motions for relief pursuant to Rule 60(b) "are addressed to the sound discretion of the district court." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004). However, "the Rule is used sparingly as an equitable remedy to prevent manifest injustice." *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1103 (9th Cir. 2006) (internal quotation marks omitted).

    As an initial matter, Stanford's Motion is defective. First, she failed to comply with Local Rule 7-3, which required her to meet and confer with opposing counsel no less than seven days before she filed the Motion. Failure to meet and confer, and to certify that such conference took place, "may result in the motion being denied." C.D. Cal. L.R. 7-3. Stanford also failed to comply with Local Rule 11-6.2, which required her to certify that her brief complies with this District's word-count limit. These failures alone constitute sufficient reason for denial of Stanford's Motion, especially because the Court has struck her filings in the past due to her

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-06563-ODW (AJRx) | Date | January 20, 2026 |
|---|---|---|---|
| Title | *Karin Stanford v. Roam Agency et al* | | |

failure to follow the Local Rules. (*See* Min. Order, Dkt. No. 22; *see also* Self-Representation Order 2, Dkt. No. 11 (warning Stanford that she "will be held to the same standards as a lawyer as far as complying with court procedures and the rules and regulations of the court system").)

Moreover, even if the Court allowed Stanford to file a declaration responding to the Court's November 24, 2025 Order to Show Cause, Stanford's failure to respond to Defendant Seven Stories Press's Motion to Dismiss, (Dkt. No. 25), represents another independent reason for denial. Local Rule 7-12 provides that "[t]he failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (upholding district court's dismissal of plaintiff's complaint based on plaintiff's failure to oppose motion as required by local rules).

Here, Seven Stories Press set a hearing for its Motion to Dismiss for December 22, 2025, meaning that Stanford's opposition brief was due December 1, 2025. *See* C.D. Cal. L.R. 7-9. However, Stanford did not oppose, and the Court considered the *Ghazali* factors and found that granting Seven Stories Press's Motion to Dismiss was appropriate. (Min. Order, Dkt. No. 31.) Although Stanford now states she planned on responding to the Court's Order to Show Cause, she does not state that she planned on opposing Seven Stories Press's Motion to Dismiss or that her failure to oppose was a product of an electronic filing mishap. (Mot.) Thus, even if Stanford had responded to the Court's Order to Show Cause, the case likely would have been dismissed because of her failure to oppose dismissal.

Accordingly, the Motion for Reconsideration is **DENIED**. (Dkt. No. 32.)

**IT IS SO ORDERED**.

|  | : | 00 |
|---|---|---|
| Initials of Preparer | SE | |